Leslie M. Perkins (#18504)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City UT, 84101-2194
Telephone: 801.799.5800
Fax: 801.799.5700
LMPerkins@hollandhart.com

*Attorney for Plaintiff*
*Metropolitan Life Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DIANN BADALI; RENATA ANN BADALI aka RENATA ANN DEVEREAUX; ASHLEY BADALI aka ASHLEY D BADALI aka ASHLEY DIANN BADALI; RACHEL BADALI aka RACHEL L BADALI aka RACHEL LILIANN BADALI; SABRINA BADALI aka SABRINA M BADALI aka SABRINA MARY BADALI aka SABRINA MARY ANN BADALI and GEORGE GRAFF, in his capacity as Special Administrator of ESTATE OF BOYD ADAM BADALI, deceased,<br><br>Defendants. | **COMPLAINT FOR INTERPLEADER**<br><br>Civil No. 1:22-cv-00158-JCB<br><br>Judge Jared C. Bennett |

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Holland & Hart LLP, for its Complaint in Interpleader states:

1. This is a civil action in the nature of interpleader seeking a determination by the Court of the proper payee or payees of the distribution of insurance benefits under Group Policy No. 0123304 ("Group Policy") that MetLife issued to Delta Air Lines, Inc.

## PARTIES

2. MetLife is a corporation organized under the laws of New York, with its principal place of business in New York. It is duly licensed to do business in Utah.

3. Upon information and belief, Diann Badali ("D. Badali") is the surviving former spouse of Boyd Adam Badali (the "Decedent"), is a resident of Ogden, Utah, and may have an interest in the benefits at issue under the Group Policy.

4. Upon information and belief, Renata Ann Badali *aka* Renata Ann Devereaux ("R. A. Badali") is the surviving spouse of the Decedent, a resident of St. George, Utah. R. A. Badali may have an interest in the benefits at issue under the Group Policy.

5. Upon information and belief, Rachel Badali ("R. Badali") is the surviving daughter of Decedent, is a resident of Ogden, Utah, and may have an interest in the benefits at issue under the Group Policy.

6. Upon information and belief, Ashley Badali ("A. Badali") is the surviving daughter of Decedent, is a resident of Ogden, Utah, and may have an interest in the benefits at issue under the Group Policy.

7. Upon information and belief, Sabrina Badali ("S. Badali") is the surviving daughter of Decedent, is a resident of Ogden, Utah, and may have an interest in the benefits at issue under the Group Policy.

8. Upon information and belief, R. A. Badali filed a petition in the Fifth Judicial State Court of the State of Utah ("State Court") on or about May 12, 2022, seeking formal probate of the Decedent's Estate. On or about November 7, 2022, a joint motion to appoint a special administrator was filed in that case and, on or about November 10, 2022, the State Court appointed George Graff as special administrator pursuant to the parties' stipulated motion.

## JURISDICTION AND VENUE

9. The Court possesses original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, because the funds in MetLife's possession that are in dispute are of a value in excess of $500.00 and there is minimal diversity in that two or more adverse claimants are diverse.

10. The Court also has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendants with an amount in controversy exceeding the statutory jurisdictional amount, and because this Complaint presents an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

11. The Court also has original jurisdiction because this case is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.

12. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

13. Decedent was a participant in a Basic Life Insurance Policy, with the Plan Name of Delta Air Lines, Inc. and Group Number of 0123304 (the "Plan").

14. The Plan provided term life insurance benefits to the Decedent subject to his satisfaction of the Plan's terms and conditions.

15. MetLife issued the Group Policy to Delta Air Lines, Inc. to fund the life insurance benefits of the Plan. MetLife has attached a true and correct copy of the Certificate of Insurance relating to the Group Policy ("Certificate") for life insurance benefits as **Exhibit A**.

16. The Decedent died on or about February 15, 2022. MetLife has attached a true and correct copy of the Death Certificate as **Exhibit B**.

17. At the time of his death, the Decedent was enrolled in the Plan for life insurance coverage in the total amount of $200,000.00 ("Life Insurance Benefits").

18. On or about March 15 2022, MetLife received the first claim for benefits under the Group Policy from D. Badali (the "D. Badali Life Insurance Claim"). MetLife has attached a true and correct copy of the D. Badali Life Insurance Claim as **Exhibit C**.

19. In correspondence to MetLife dated June 6, 2022 and August 26, 2022, D. Badali claims that the Life Insurance Benefits should not be paid to R.A. Badali, but instead either to D. Badali, R. Badali, A. Badali, S. Badali, and/or Decedent's Estate. In particular, she claims that, pursuant to the divorce decree terminating her marriage to Decedent, she was to remain as the beneficiary of the Life Insurance Benefits. In support of this contention, she points to a document which is not included as part of the divorce decree, but instead allegedly entered into between herself and Decedent, purporting to modify the divorce decree. D. Badali also argues that she

and/or her daughters should be considered Decedent's "true lineal heir" instead of Decedent's surviving spouse, R. A. Badali. MetLife has attached true and correct copies of the correspondence from D. Badali as **Exhibit D**.

20. On or about April 4, 2022, MetLife received the second claim for benefits under the Group policy from R. A. Badali (the "R.A. Badali Life Insurance Claim). MetLife has attached a true and correct copy of the R. A. Badali Life Insurance Claim as **Exhibit E**.

21. MetLife does not have a beneficiary designation form executed by Decedent. D. Badali claims to have "a copy of his initial paperwork where [she] was listed as beneficiary." *See* Ex. D. MetLife is not in possession of such documents and no such documentation has been provided to MetLife.

22. MetLife cannot determine to whom the Life Insurance Benefits should be paid based on the competing claims.

23. If the Court determines that there is a valid beneficiary designation, then the Life Insurance Benefits would be payable to the designated beneficiar(ies). *See* Ex. A at page 35.

24. If the Court determines that there is no valid beneficiary designation, the Court would consult the terms of the Policy for situations when "no Beneficiary is designated . . .," under which default beneficiaries have the following order of priority:

- Decedent's "Spouse or Domestic Partner, if alive"
- Decedent's "Child(ren), if there is no surviving Spouse or Domestic Partner;"
- Decedent's "parent(s), if there is no surviving child" and
- Decedent's "Estate, if there is no surviving parent."

*Id.*

5

25. In addition, in determining the meaning of the term "Spouse or Domestic Partner, if alive," the Court may need to consider the terms of the divorce decree, whether such terms include the purported "amendment" to the decree, and the effect, if any, of the divorce decree and/or amendment on the disbursement here.

26. If the Court were to determine that the divorce decree is not relevant or does not control, the Court would then consider who the appropriate heir(s) would be, given the provisions of the Policy, and/or the provisions of ERISA and/or Utah state law governing the Decedent's Estate.

27. MetLife cannot determine the proper beneficiary of the Life Insurance Benefits without exposure to double or multiple liability.

28. As a mere stakeholder, MetLife has no interest in the Life Insurance Benefits except to ensure that the Benefits are paid in accordance with the provisions of the Group Policy.

29. MetLife is ready, willing, and able to pay the Benefits in accordance with the terms of the Group Policy based on the Court's determination of disputed facts and issues of law.

30. MetLife will deposit into the Registry of the Court the Benefits, plus any applicable interest due and owing, for disbursement in accordance with the judgment of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, MetLife requests an order of the Court:

A. Ordering MetLife to pay into the Registry of the Court the Life Insurance Benefits, plus any applicable interest;

  B. Dismissing MetLife from this action and discharging MetLife from any further liability upon payment of the Life Insurance Benefits, plus any applicable interest, into the Registry of this Court, or otherwise directed by this Court;

  C. Restraining defendants D. Badali, R.A. Badali, R. Badali, A. Badali, S. Badali and Decedent's Estate from instituting any suits against MetLife related to this case;

  D. Awarding MetLife its costs and attorneys' fees; and

  E. Awarding MetLife any other and further relief the Court deems just.

Dated this 15th day of November 2022.

        Respectfully submitted,

        **HOLLAND & HART LLP**

        */s/ Leslie M. Perkins*
        Leslie Perkins
        Holland & Hart LLP

        *Attorney For Plaintiff Metropolitan Life Insurance Company*

Plaintiff's Address:
200 Park Avenue
New York, NY 10166