Leslie M. Perkins, #18504
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
Fax: 801.799.5700
LMPerkins@hollandhart.com

*Attorneys for Plaintiff Metropolitan Life Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DIANN BADALI; RENATA ANN BADALI aka RENATA ANN DEVEREAUX; ASHLEY BADALI aka ASHLEY D BADALI aka ASHLEY DIANN BADALI; RACHEL BADALI aka RACHEL L BADALI aka RACHEL LILIANN BADALI; SABRINA BADALI aka SABRINA M BADALI aka SABRINA MARY BADALI aka SABRINA MARY ANN BADALI and GEORGE GRAFF, in his capacity as Special Administrator of ESTATE OF BOYD ADAM BADALI, deceased,<br><br>Defendants. | **PARTIALLY STIPULATED MOTION FOR ORDER OF INTERPLEADER AND DISMISSAL OF METROPOLITAN LIFE INSURANCE COMPANY**<br><br>Civil No. 1:22-cv-00158-JCB<br><br>Judge Jared C. Bennett |

Pursuant to Fed. R. Civ. P. 22 and 67, Plaintiff Metropolitan Life Insurance Company ("MetLife") hereby moves this Court for an order of interpleader (1) requiring Defendants to interplead and requiring MetLife to deposit the Life Insurance Benefits into the Registry of the

Court; (2) enjoining the parties from prosecuting any other proceedings against MetLife related to the same subject matter; (3) discharging MetLife of all liability relating to payment of the Life Insurance Benefits (4) awarding MetLife its reasonable legal fees and costs from the Life Insurance Benefits at issue in this case; (5) for dismissal of Defendants Ashley Badali ("A. Badali"), Rachel Badali ("R. Badali"), and Sabrina Badali ("S. Badali") from this case; and (6) for discharge and dismissal of MetLife with prejudice.

As grounds, MetLife states as follows:

## **BACKGROUND**

1. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, MetLife has served a copy of its interpleader Complaint on all Defendants. *See* Exhibit A (Waivers of Service, collectively attached hereto as **Exhibit A**).

2. Defendants A. Badali, R. Badali, and S. Badali do not oppose this Motion and have stipulated to the filing of the Motion.

3. MetLife's Counsel contacted Counsel for Defendants Diann Badali ("D. Badali") and Renata Ann Badali ("R.A. Badali") multiple times requesting input and a stipulation for the Motion. Counsel for Defendants D. Badali and R.A. Badali did not indicate whether they oppose the Motion.

4. Defendant Diann Badali ("D. Badali") filed her Answer on January 18, 2023. [Dkt. No. 12].

5. Defendant Renata Ann Badali ("R.A. Badali") filed her Answer on January 23, 2023. [Dkt. No. 14].

6. Defendants A. Badali, R. Badali, and S. Badali (collectively the "Badali daughters") filed their Motion to Dismiss on January 31, 2023. [Dkt. No. 15]. In their Motion to Dismiss, the Badali daughters disclaim any and all rights to the Life Insurance Benefits in the matter and seek to be dismissed from this case. *Id.*

7. Defendant George Graff, Special Administrator of the Estate of Boyd Adam Badali, did not appear or answer by January 17, 2023, as required by the Summons and Waiver of Service. *See* **Exhibit A**.

8. MetLife's Interpleader Complaint presents a civil action in interpleader, seeking a determination by the Court of the proper beneficiary or beneficiaries of the life insurance benefits of Boyd Adam Badali (the "Decedent") with MetLife.

9. Decedent was a participant in a Basic Life Insurance Policy, with the Plan Name of Delta Air Lines, Inc. and Group Number of 0123304 (the "Plan").

10. The Plan provided term life insurance benefits to the Decedent subject to his satisfaction of the Plan's terms and conditions.

11. MetLife issued the Group Policy to Delta Air Lines, Inc. to fund the life insurance benefits of the Plan. MetLife has attached a true and correct copy of the Certificate of Insurance relating to the Group Policy ("Certificate") for life insurance benefits as **Exhibit B**.

12. The Decedent died on or about February 15, 2022. MetLife has attached a true and correct copy of the Death Certificate as **Exhibit C.**

13. At the time of his death, the Decedent was enrolled in the Plan for life insurance coverage in the total amount of $200,000.00 ("Life Insurance Benefits").

14. On or about March 15, 2022, MetLife received the first claim for benefits under the Group Policy from D. Badali (the "D. Badali Life Insurance Claim"). MetLife has attached a true and correct copy of the D. Badali Life Insurance Claim as **Exhibit D.**

15. In correspondence to MetLife dated June 6, 2022 and August 26, 2022, D. Badali claims that the Life Insurance Benefits should not be paid to R.A. Badali, but instead either to D. Badali, R. Badali, A. Badali, S. Badali, and/or Decedent's Estate. In particular, she claims that, pursuant to the divorce decree terminating her marriage to Decedent, she was to remain as the beneficiary of the Life Insurance Benefits. In support of this contention, she points to a document which is not included as part of the divorce decree, but instead allegedly entered into between herself and Decedent, purporting to modify the divorce decree. D. Badali also argues that she and/or her daughters should be considered Decedent's "true lineal heir" instead of Decedent's surviving spouse, R.A. Badali. MetLife has attached true and correct copies of the correspondence from D. Badali as **Exhibit E**.

16. On or about April 4, 2022, MetLife received the second claim for benefits under the Group policy from R.A. Badali (the "R.A. Badali Life Insurance Claim"). MetLife has attached a true and correct copy of the R.A. Badali Life Insurance Claim as **Exhibit F.**

17. MetLife does not have a beneficiary designation form executed by Decedent. D. Badali claims to have "a copy of his initial paperwork where [she] was listed as beneficiary." *See* **Exhibit G**. MetLife is not in possession of such documents and no such documentation has been provided to MetLife.

18. MetLife cannot determine to whom the Life Insurance Benefits should be paid based on the competing claims.

19. If the Court determines that there is a valid beneficiary designation, then the Life Insurance Benefits would be payable to the designated beneficiar(ies). *See* **Exhibit B** at page 35.

20. If the Court determines that there is no valid beneficiary designation, the Court would consult the terms of the Policy for situations when "no Beneficiary is designated…," under which default beneficiaries have the following order of priority:

    i. Decedent's "Spouse or Domestic Partner, if alive"

    ii. Decedent's "Child(ren), if there is no surviving Spouse or Domestic Partner;"

    iii. Decedent's "parent(s), if there is no surviving child" and

    iv. Decedent's "Estate, if there is no surviving parent."

21. In addition, in determining the meaning of the term "Spouse or Domestic Partner, if alive," the Court may need to consider the terms of the divorce decree, whether such terms include the purported "amendment" to the decree, and the effect, if any, of the divorce decree and/or amendment on the disbursement here.

22. If the Court were to determine that the divorce decree is not relevant or does not control, the Court would then consider who the appropriate heir(s) would be, given the provisions of the Policy, and/or the provisions of ERISA and/or Utah state law governing the Decedent's Estate.

## ARGUMENT

23. MetLife cannot determine the proper beneficiary of the Life Insurance Benefits without exposure to double or multiple liability.

24. As a mere stakeholder, MetLife has no interest in the Life Insurance Benefits except to ensure that the Benefits are paid in accordance with the provisions of the Group Policy.

25. MetLife is ready, willing, and able to pay the Benefits in accordance with the terms of the Group Policy based on the Court's determination of disputed facts and issues of law.

26. MetLife therefore requests, pursuant to Federal Rules of Civil Procedure 22 and 67, to tender into the Registry of the Court the Benefits, plus any applicable interest due and owing, for disbursement in accordance with the judgment of the Court.

27. Deposit of these funds into the Registry of the Court will promote the efficient distribution of the funds upon the Court's resolution of this matter and will not prejudice the interests of any of the claimants to those funds. There is no reason to delay the granting of this Motion until after the final determination of the proper beneficiary or beneficiaries in this action.

28. MetLife also requests an order from the Court that MetLife will be discharged from any and all liability related to its deposit of funds into the Court Registry.

29. Finally, MetLife requests that all parties with an interest in the matter appear and make their claims.

## **CONCLUSION**

WHEREFORE, MetLife requests that the Court:

1. enter an order dismissing MetLife from this case with prejudice after its deposit of the Life Insurance Benefits into the Registry of the Court;

2. enter an order enjoining the parties from prosecuting any other proceedings against MetLife related to the same subject matter;

3.      enter an order demanding that all parties with an interest in the matter appear and make their claims;

4.      enter an order confirming the disclaimer of the Badali daughters to the Life Insurance Benefit and dismissing the Badali daughters from the matter;

5.      enter an order awarding MetLife its reasonable legal fees and costs; and

6.      otherwise disburse the Life Insurance Benefits in such manner as this Court shall deem just and proper.

A true and correct copy of the proposed Order is attached hereto.

DATED this 14th day of February, 2023

HOLLAND & HART LLP

/s/ Leslie M. Perkins
Leslie M. Perkins

*Attorneys for Plaintiff Metropolitan Life Insurance Company*

DATED this 14th day of February, 2023

FROERER & MILES, P.C.
(signed with permission)

/s/ Zane S. Froerer
Zane S. Froerer
*Attorneys for Ashley Badali, Sabrina Badali, and Rachel Badali*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2023, I caused a true and correct copy of the foregoing PARTIALLY STIPULATED MOTION FOR ORDER OF INTERPLEADER AND DISMISSAL OF METROPOLITAN LIFE INSURANCE COMPANY to be filed electronically with the Court via the Court's electronic efiling system, CM/ECF, which sent notification of such filing to all counsel of record as follows:

Zane S. Froerer, Esq.
FROERER & MILES, P.C.
zane.froerer@froererlaw.com
Attorney for Sabrina Badali, Ashley Badali, and Rachel Badali

Matthew G. Wadsworth, Esq.
ARNOLD & WADSWORTH
wadsworth@arnoldwadsworth.com
Attorney for Diann Badali

Chad J. Utley, Esq.
SNOW CALDWELL BECKSTROM & WILBANKS
chad@scbwlaw.com
Attorney for Renata Ann Badali

George Graff
ggraff@hbeg.com
Special Administrator for the Estate of Boyd Adam Badali

                                          */s/ Leslie M. Perkins*
                                          Leslie M. Perkins