IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DIANN BADALI; RENATA ANN BADALI aka RENATA ANN DEVEREAUX; ASHLEY BADALI aka ASHLEY D BADALI aka ASHLEY DIANN BADALI; RACHEL BADALI aka RACHEL L BADALI aka RACHEL LILIANN BADALI; SABRINA BADALI aka SABRINA M BADALI aka SABRINA MARY BADALI aka SABRINA MARY ANN BADALI and GEORGE GRAFF, in his capacity as Special Administrator of ESTATE OF BOYD ADAM BADALI, deceased,<br><br>    Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING DEFENDANT DIANN BADALI'S RULE 56(d) Motion**<br><br>Civil No. 1:22-cv-00158-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant Diann Badali's Motion to Defer Consideration of Defendant Renata Badali's[1] Motion for Summary Judgment. (Rule 56(d) Motion, ECF No. 46.) The pending motion for summary judgment and motion to dismiss Defendant George Graff are currently set for a hearing on October 17, 2023. (Mot. Summ. J., ECF No. 38; Mot. Dismiss, ECF No. 37.)

## BACKGROUND

After Boyd Badali's death, Metropolitan Life Insurance Company (MetLife) filed its Interpleader Complaint for Interpleader of Funds on November 15, 2022. (Compl., ECF No. 2).

---

[1] The court will refer to each Defendant by their first name throughout the order to avoid confusion.

1

MetLife sought a determination of the proper payee of the distribution of life insurance benefits under Group Policy No. 0123304 that MetLife issued to Delta Air Lines, Inc. (Id. ¶ 1.) The basic life insurance plan was titled "Delta Pilots Disability and Survivorship Trust" (Plan). (Plan, ECF No. 38-4.) Mr. Badali participated in the Plan. (ECF No. 2 at ¶¶ 13–15.) At the time of his death, he was enrolled in the Plan for life insurance coverage. (Id. ¶ 17.) Shortly after he died, MetLife received claims for benefits under the Plan from Diann, Mr. Badali's former wife and Renata, Mr. Badali's wife at the time of his death. (Id. ¶¶ 18, 20.)

Renata moved for summary judgment on August 2, 2023. (ECF No. 38.) Diann then filed a motion seeking rule 56(d) relief, along with her response to the summary judgment motion. (ECF No. 46; Opp'n Mot. Summ. J., ECF No. 44.) Diann asserts that additional discovery is necessary in this case for her to respond to Renata's motion. (ECF No. 46 at 2.) Specifically, she seeks facts pertaining to whether MetLife has documentation of Mr. Badali's Plan beneficiary. (Id.)

## **Legal Standard**

Federal Rule of Civil Procedure 56(d) allows "a court to provide relief to [a] non-moving party in a summary judgment motion who shows by affidavit or declaration that it cannot present facts essential to justify its opposition to the motion." Wilcox v. Career Step, LLC, No. 2:08-cv-0998, 2012 WL 5997201, at *2 (D. Utah Nov. 30, 2012) (citation omitted). If a nonmovant seeking Rule 56(d) relief shows that, "for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The party seeking 56(d) relief need not overcome a high burden. <u>Crumpley v. Associated Wholesale Grocers, Inc.</u>, No. 16-cv-02298, 2017 WL 1364839, at *5 (D. Kan. Apr. 13, 2017). "Unless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated." <u>Jensen v. Redevelopment Agency of Sandy City</u>, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation omitted). The Tenth Circuit imposes only four requirements on the party seeking 56(d) relief: "(1) [specify] the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [her] to obtain those facts and rebut the motion for summary judgment." <u>Crumpley</u>, 2017 WL 1364839, at *5 (quoting <u>Gutierrez v. Cobos</u>, 841 F.3d 895, 908 (10th Cir. 2016)). "[I]f the … information sought is either irrelevant to the summary judgment motion … no extension will be granted." <u>Crumpley</u>, 2017 WL 1364839, at *6 (quoting <u>Jensen</u>, 998 F.2d at 1554).

## Analysis

Diann has overcome the burden for Rule 56(d) relief. The probable facts not available are, most notably, whether MetLife has evidence that Mr. Badali named a Plan beneficiary. (ECF No. 46 at 2.) Diann has presented "a notarized agreement signed by [Mr. Badali] where he represents the following[:] 'Boyd will **keep** Diann as beneficiary on the Delta provided life insurance policy."[2] (Matt Wadsworth Decl. Supp. Rule 56(d) Motion, ECF No. 46-1 at ¶ 9; Notarized Agreement, ECF No. 46-3.) These facts cannot be presented currently, because MetLife has previously stated it "does not have a beneficiary designation form executed by [Mr. Badali.]" (ECF No. 2 at ¶ 21.) If Mr. Badali had made a beneficiary designation, it is presumed that MetLife would have it. (<u>See</u> ECF No. 38-4 at 35 ("You may designate a [b]eneficiary in

---

[2] Diann also presented this evidence in her response to Renata's motion for summary judgment. (ECF No. 44 at 2.)

3

[y]our application or enrollment form … [i]f there is no [b]eneficiary designated … at [y]our death, [w]e will determine the [b]eneficiary ….").) Diann has not yet sought discovery from MetLife, but she filed the 56(d) motion weeks before the fact discovery deadline of September 28, 2023. While Diann has sought written discovery from other parties, she now seeks to depose MetLife about its record keeping. (ECF No. 46 at 2.) The information Diann seeks is relevant to the summary judgment motion. Accordingly, the court will defer considering the summary judgment motion.

## Order

The court GRANTS Diann's motion for Rule 56(d) relief (ECF No. 46) and EXTENDS the time to respond to Renata's pending summary judgment motion to November 3, 2023. The court STRIKES the October 17, 2023 hearing. Renata may file a supplemental reply within 14 days after Diann files her supplemental opposition.

DATED this 2nd day of October, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge