Matt Wadsworth, Bar No. 12268
ARNOLD, WADSWORTH & COGGINS
298 24th Street, Suite 230
Ogden, UT 84401
Tel:	801-475-0123
Fax:	800-381-5370
E:	wadsworth@arnoldwadsworth.com
Attorney for Diann Badali

| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, NORTHERN DIVISION ||
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**DIANN BADALI; RENATA ANN BADALI aka RENATA ANN DEVEREAUX, et al.**<br><br>**Defendant(s).**<br><br>**DIANN BADALI,**<br><br>**Cross-claim Plaintiff,**<br><br>vs.<br><br>**RENATA ANN BADALI aka RENATA ANN DEVEREAUX**<br><br>**Cross-Claim Defendant.** | **CROSS-CLAIM**<br><br><br>Case No. 1:22CV00158jcb<br><br>**Judge: Tena Campbell**<br><br>**Magistrate Judge: Jared C. Bennet** |

Plaintiff, Diann Badali, ("Plaintiff"), by and through counsel of record, Matt Wadsworth, of Arnold, Wadsworth & Coggins, PLLC for cause of action complains and alleges as follows:

**JURISDICTION AND VENUE**

1.	Plaintiff, Diann Badali, is a representative of Weber County, State of Utah.

2. Defendant, Renata Badali, is a resident of Washington County, Utah.

3. This Court has exercised original jurisdiction over the "Original Claim" filed by Metropolitan Life Insurance Company pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001-1461.

4. Supplemental/Ancillary Jurisdiction. While the underlying Original claim does not share a transaction or occurrence with this Cross-Claim, the court may exercise supplemental/ancillary jurisdiction over Diann's Cross-Claim as the property at issue (life insurance proceeds) are on deposit with this Court.

5. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

6. Diann and Boyd Badali were married in April of 1988.

7. Boyd and Diann divorced in August of 2019.

8. On information and belief, Boyd Badali and Renata were having an affair. She was his yoga teacher and they had an affair for years before the divorce; this eventually led to Boyd and Diann's divorce.

9. Diann was awarded $4,207 a month in base alimony and $1,509 per month subject to DFAS until Boyd's death.

10. After the divorce occurred, Boyd wanted to retire early, which was a deviation from the terms of the stipulated Decree of Divorce. So, the party's entered into an accord that in the party's own words, "clarified" the original Decree's terms and outlined new provision that

would govern the party's obligations. The "New Agreement" contained the following language:

### Correction and clarification to alimony in Boyd and Diann Badali divorce decree, order of the court dated 28 August 2019

Despite numerous efforts with the attorney to correct the alimony section of the decree it is still wrong. This document updates and clarifies the original decree and its amendments signed 18 September 2019.

The Air Force retirement section of alimony is correct. This is referred to as additional in the decree. The amount stated ($1509 subject to DFAS) is based on current tax law and Boyd's current income tax bracket. This amount is paid for life to Diann. In addition, Diann shall remain the beneficiary of the annuity purchased to guarantee she received this pension payment upon Boyd's death.

The alimony section of the decree (base amount of $4207) is based on Boyd's income from Delta Airlines. This amount stops when Boyd's income from Delta stops. Diann will get half of Boyd's income after taxes as long as Boyd has income from Delta.
Boyd plans to take Deltas early out offer. Diann agrees with this decision.

Under the early out agreement Delta will provide income for three years. This may cease…If Boyd qualifies for Delta disability income or any other airline income after three years, Diann would continue get half after taxes until in ends, death, or Diann's remarriage.

Boyd will keep Diann as beneficiary on the Delta provided life insurance policy.

Boyd A. Badali                                             Diann M. Badali

11. The New Agreement was signed by Boyd and Diann on August 5th, 2020 and witnessed by a notary with a jurat and notary stamp.

12. The New Agreement represents that Boyd had already designated Diann as the beneficiary of the Delta provided life insurance.

13. Boyd only had one life insurance policy and declined the other possible life insurance elections he could have obtained.
14. Renata says she had no knowledge of the life insurance policy until after Boyd died. And, the only reason that Renata believes she should get the proceeds is because she believes no one was named on the policy despite admitting that Boyd believed he already placed Diann on the policy.
15. Renata knew that Boyd had an alimony obligation to Diann, that he was on medical leave from Delta because of a back injury and that he wanted to retire early which impacting his current alimony obligation to Diann.  Renata knew that Boyd and Diann reached a different agreement regarding alimony that changed his obligations. The New Agreement was the result of the negotiation that reduced his alimony and added the provision of keeping Diann on his life insurance policy as consideration for a reduction in alimony.
16. Diann has already been robbed of her DFAS survivor benefits and now in danger of losing the life insurance proceeds.
17. Boyd paid the survivor benefit annuity payment and actually took ½ of the payment (~$239 per month total) for the survivor benefit annuity premium out of what he was supposed to pay Diann in alimony. He did this until he died. This was done because Diann was supposed to gain the benefit of the survivor benefit. In other words, Diann paid ½ of the premium for the SBA benefit that was eventually awarded to Renata.
18. The death benefit amount of the Delta Life Insurance Policy was $200,000.
19. Metlife is only a partial recordkeeper for Delta and does not handle complete recordkeeping; A third-party administrator for Delta Airlines, Conduent, handles the eligibility/coverage

information for employees of Delta; Metlife does not have the original enrollment documents for any policy, including Mr. Badali's policy.

20. Boyd A. Badali died on February 15th, 2022.

**FIRST CAUSE OF ACTION**
(Unjust Enrichment~~Contract~~)

21. Plaintiffs hereby reallege and incorporate by reference all paragraphs herein above, as though specifically set forth herein.

22. Renata asserts a claim against the life insurance proceeds as set forth above.

23. Boyd conferred a benefit on Diann through the *Correction and clarification to alimony in Boyd and Diann Badali divorce decree, order of the court dated 28 August 2019* and believed that he already listed Diann as the beneficiary of the policy. Renata knew of and appreciated the benefit that Boyd conferred upon Plaintiff and continues to assert a claim against the life insurance proceeds. Allowing Renata to retain the benefit of life insurance proceeds is inequitable absent payment of its value.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For a Judgment against Defendant in the amount of $200,000 plus pre (10%) and post judgment interest at the statutory rate.

2. That a constructive trust to be ordered for the benefit of Diann capturing the proceeds of the life insurance policy transferred to Renata.

3. For Plaintiff's reasonable attorney's fees incurred in bringing this action;

4. For Plaintiff's costs incurred in bringing this action; and

5. For such other and further relief as the Court may deem just and equitable.

DATED this 3rd ~~14th~~ day of ~~December~~ January, 2023~~0~~.

**Arnold, Wadsworth & Coggins, P.C.**

/s/ Matt Wadsworth
Matt Wadsworth
*Attorney for Diann Badali*

### Plaintiff Verification

I, Diann Badali, being first duly sworn and pursuant to 28 U.S.C. § 1746 hereby declare, state, under penalty of perjury.

DATED this 3rd ~~14th~~ day of ~~December~~ January, 2023~~0~~.

/s/ Diann Badali
*Diann Badali*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd Day of January, 2023, I caused a true and correct copy of the foregoing to be served via efiling to:

James R. Farmer (#8592)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, UT 84111
Telephone: (801) 716-7016
Facsimile: (801) 716-7017
James@SKCLawFirm.com

Chad J. Utley (#7654)
SNOW CALDWELL BECKSTROM & WILBANKS, PLLC
253 W. St. George Blvd., Suite 100
St. George, UT 84770
Telephone: (435) 656-1900
Facsimile: (435) 656-1963
Chad@SCBWLaw.com

*/s/Matt Wadsworth*